Adam D. Swain (SBN 257687)
**ALSTON & BIRD LLP**
The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
Telephone: 202-239-3300
adam.swain@alston.com

Philip C. Ducker (SBN 262644)
Katherine G. Rubschlager (SBN 328100)
**ALSTON & BIRD LLP**
55 2nd Street, Suite 2100
San Francisco, California 94105-0912
Telephone: 415-243-1000
phil.ducker@alston.com
katherine.rubschlager@alston.com

*Attorneys for Plaintiff Qorvo, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QORVO, INC.<br><br>Plaintiff,<br><br>v.<br><br>DENSO CORPORATION and NATIONAL INSTITUTE OF ADVANCED INDUSTRIAL SCIENCE AND TECHNOLOGY<br><br>Defendants. | Case No. 3:25-cv-9240<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Qorvo, Inc. ("Qorvo") files this complaint for declaratory judgment against defendants Denso Corporation ("Denso") and National Institute of Advanced Industrial Science and Technology ("AIST") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action against Denso for declaratory judgment of non-infringement of U.S. Patent No. 7,758,979 ("the '979 patent") (Ex. 1) and against Denso and AIST for declaratory judgment of non-infringement of U.S. Patent No. 9,735,342 ("the '342 patent") (Ex. 2) (the '979 patent and '342

patents are collectively referred to as the "Patents-in-Suit") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

2. These claims arise under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

## THE PARTIES

3. Qorvo is a Delaware corporation with offices in this District, including at 3099 Orchard Drive, San Jose, California, 95134.

4. Qorvo is a leading global provider of connectivity and power solutions. In particular, Qorvo supplies innovative semiconductor solutions to assist with customers' most complex technical challenges. Qorvo serves diverse high-growth segments of large global markets, including consumer electronics, smart home/IoT, automotive, EVs, battery-powered appliances, network infrastructure, healthcare, and aerospace/defense.

5. Denso is a Japanese corporation with a principal place of business at 1-1, Showa-cho, Kariya, Aichi, 448-8661, Japan. Denso has sought to enforce its alleged patent rights, including the Patents-in-Suit, against Qorvo in this District. Denso is an assignee of both Patents-in-Suit.

6. AIST is a Japanese research facility with its Tokyo headquarters at 1-3-1 Kasumigaseki, Chiyoda-ku, Tokyo, 100-8921, Japan. AIST is listed by the United States Patent and Trademark Office as a co-assignee of the '342 Patent, along with Denso.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 et seq. Denso and/or AIST have created a substantial, immediate, and real case or controversy with Qorvo regarding alleged infringement of the claims of the Patents-in-Suit.

8. On November 29, 2023, Denso sent a letter directed to Qorvo's Vice President and Chief IP counsel in San Jose, California, alleging Qorvo's "products utilize the technology covered by the claims of the ScAlN Patent Portfolio." Ex. 3. This letter attached a claim chart purporting to map the claims of Denso's '979 patent to certain bulk acoustic wave ("BAW") filters within Qorvo's QM78105 module. Ex. 4.

9. Denso also stated AIST was a co-owner of the '979 patent. Ex. 3.

10. Qorvo formally responded to Denso's letter on January 25, 2024, notifying Denso the identified Qorvo BAW filters of the QM78105 module cannot infringe the claims of the '979 patent "at least because the identified BAW filters do not contain 'a content ratio of the Scandium being in a range of 10 atom % to 35 atom %.'" Ex. 5 at 1.

11. Qorvo further identified significant issues with the reliability of Denso's purported testing because, for example, "Denso's claim chart alleges that the EG2528 die has a Scandium content ratio of 12.4%, even though **the EG2528 die does not contain Scandium**." Ex. 5 at 1 (emphasis in original).

12. On April 23, 2024, Denso responded with an acknowledgement its test results were partially incorrect, and indicated it had updated testing results and continued to believe in "the relevance of [Qorvo's] products vis-à-vis the "979 Patent." Ex. 6. Denso then requested an in-person meeting to discuss. *Id.*

13. On May 3, 2024, Qorvo emailed Denso reiterating the issues with Denso's testing for Qorvo's BAW filters of the QM78105 module. Specifically, Qorvo noted Denso's reliance on "inflated values for the alleged percentage of Scandium in the EG2801, EG2516, EG2800, EG2538, EG2539, EG2805 filters." Ex. 7. Qorvo also asked Denso for updated results for the EG2528 filter, which does not contain Scandium. *Id.*

14. In response, on May 9, 2024, Denso made clear it "still allege[s] infringement" of the Qorvo BAW filters of the QM78105 module, but agreed its prior testing was incorrect and that Qorvo's EG2528 filter does not contain Scandium. Ex. 8.

15. Denso provided an updated claim chart for the '979 patent on June 13, 2024, with respect to Qorvo's BAW filters and stated "it is our position that there is clear evidence of infringement." Ex. 9. Denso also continued to seek an in-person meeting with Qorvo. *Id.*

16. Denso and Qorvo attended a virtual meeting over Zoom on July 19, 2024, to discuss Denso's testing and licensing policy. After this meeting, on July 25, 2024, Denso provided a list of Denso's patents in addition to the '979 patent related to ScAlN, which included the '342 patent. Ex. 10.

17. Qorvo and Denso representatives then met in-person on August 28, 2024, at Qorvo's San Jose, California office, located within this District at 3099 Orchard Drive, to continue discussions regarding Denso's allegations of infringement regarding the '979 patent, and to discuss Denso's new infringement allegations regarding the '342 patent.

18. These discussions continued through October 2025 over numerous virtual and in-person meetings, including within this District in San Jose, California. During these meetings, Denso made clear it alleged Qorvo's BAW filters allegedly infringed at least claim 6 of the '979 patent, including filters that fall outside of the claimed Scandium content range.

19. Denso also continued to allege Qorvo's filters infringed at least claim 1 of the '342 patent, regardless if those filters actually included the claimed carbon content range.

20. On June 20, 2025, Denso filed a complaint against a third party, Skyworks Solutions, Inc. ("Skyworks"), alleging Skyworks infringes the '979 patent.

21. As a result of Denso's enforcement campaign against Skyworks, the parties' unsuccessful attempt to resolve any dispute between them, and Denso's continued infringement allegations that aggressively target Qorvo's filters, a substantial, immediate, and real case or controversy exists between Qorvo, Denso, and AIST regarding whether Qorvo infringes the Patents-in-Suit. Qorvo seeks to clear the infringement air that Denso has cast over Qorvo's business by (1) contending for over 18 months that Qorvo has allegedly infringed the Patents-in-Suit but (2) not filing a lawsuit with respect to that alleged infringement.

22. This Court has specific personal jurisdiction over Denso because Denso purposefully directed its enforcement activities in this District, including by sending correspondence to Qorvo that alleged infringement of the Patents-in-Suit and by meeting with Qorvo in this District with regard to the Patents-in-Suit. Further, Denso has purposefully availed itself of the privilege of conducting business in the State of California. Sufficient minimum contacts to exercise personal jurisdiction over Denso exist because the claims in this complaint arise out of and relate to Denso's enforcement actions directed at this forum.

23. Specifically, Denso directed conduct at this District regarding Qorvo's alleged infringement of the Patents-in-Suit, including sending a demand letter to Qorvo in San Jose, California,

and attending three in-person meetings with representatives from Qorvo and Denso in Qorvo's San Jose, California offices on August 28, 2024; February 6, 2025; and August 22, 2025.

24. This Court also has specific personal jurisdiction over AIST because, as a co-owner of the '342 patent, AIST authorized and benefitted from Denso's enforcement campaign in this District. Denso has and continues to represent AIST's interest in the '342 patent, including by attempting to enforce that patent against third parties to benefit AIST. As such, Denso represented AIST's interests in the '342 patent and acted as AIST's agent for purposes of the enforcement campaign detailed above. AIST therefore purposefully directed the same California-based conduct through its agent, Denso.

25. This Court also has general personal jurisdiction over Denso. Denso maintains, through its subsidiary, Denso International America Inc., an "innovation center" located at 575 High Street, Suite 110, Palo Alto, California, 94301.

26. Alternatively, personal jurisdiction over Denso and AIST is proper under Federal Rule of Civil Procedure 4(k)(2). Both Denso and AIST are subject to general personal jurisdiction under Rule 4(k)(2) to the extent they are not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over them is consistent with the United States Constitution and laws.

27. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(3) and 1400(b) because Denso and AIST are foreign companies and as such may be sued in any judicial district in the United States in which Denso and AIST are subject to the Court's personal jurisdiction.

28. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted in this complaint occurred in this District.

**THE PATENTS-IN-SUIT**

29. The '979 patent, titled "Piezoelectric thin film, piezoelectric materials, and fabrication method of piezoelectric thin film and piezoelectric material, and piezoelectric resonator, actuator element, and physical sensor using piezoelectric thin film," issued on July 20, 2010. Ex. 1 at 1.

30. On information and belief, the '979 patent was assigned from the inventors to Denso and AIST on May 8, 2008.

31. On information and belief, AIST assigned its rights to the '979 patent to Denso on June 19, 2025, so Denso could enforce that patent in litigation against alleged third-party infringers. After that assignment, Denso is now the sole owner of the '979 patent. On June 20, 2025, Denso filed a complaint against Skyworks alleging Skyworks infringes the '979 patent.

32. The '979 patent purports to describe a piezoelectric aluminum nitride thin film containing scandium. *Id.* at Abstract.

33. Claim 6 of the '979 patent is directed to a ScAlN thin film with "a content ratio of the scandium being in a range of 10 atom % to 35 atom % or 40 atom % to 50 atom % on an assumption that a total amount of a number of atoms of the scandium and a number of atoms of aluminum in the aluminum nitride thin film is 100 atom %." *Id.* at cl. 6. All of the other claims of the '979 patent similarly require a content ratio of scandium of at least 10 atom %. *See id.* at cls. 1–5, 7 (minimum 15 atom %), cl. 8 (minimum 10 atom %).

34. The '342 patent, titled "Piezoelectric thin film and method for producing the same," issued on August 15, 2017. Ex. 2 at 1.

35. On information and belief, the '342 patent was assigned from the inventors to Denso and AIST on October 8, 2015. Denso and AIST are co-owners of the '342 patent.

36. The '342 patent purports to describe a piezoelectric scandium aluminum nitride thin film formed through sputtering with a carbon atomic content of 2.5 atom % or less. *Id.* at Abstract.

37. Every claim of the '342 patent requires a carbon atomic content of at least 0.1 atom %. *Id.* at cls. 1–10.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '979 PATENT

38. Qorvo realleges and incorporates by reference the foregoing paragraphs.

39. Denso has contended that at least the following Qorvo BAW filters infringe Denso's alleged patent rights, including at least claim 6 of the '979 patent: EG2516, EG2538, EG2539, EG2800, EG2801, EG2804, EG2805, EG9128 (collectively, with other Qorvo scandium-containing filters that do not have the scandium content within the ranges of Denso's patent claims, "the Accused Scandium Products").

40. Qorvo's Accused Scandium Products do not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid or enforceable claim of the '979 patent. For example, and without limitation, the Accused Scandium Products do not include "a content ratio of the scandium being in a range of 10 atom % to 35 atom % or 40 atom % to 50 atom % on an assumption that a total amount of a number of atoms of the scandium and a number of atoms of aluminum in the aluminum nitride thin film is 100 atom %" as claim 6 of the '979 patent requires.

41. To the contrary, the Accused Scandium Products purposefully and consistently include a content ratio of the scandium *less* than 10 atom %.

42. For example, the identified EG2516, EG2538, and EG2539 Sc6 filters are all specifically designed, tested, manufactured, and verified to achieve a content ratio of scandium of 6.4±0.3 atom %. The process for manufacturing Qorvo's other Sc6 filters similarly results in a content ratio of scandium of 6.4±0.3 atom %, so all other Qorvo Sc6 filters do not infringe Denso's '979 patent for the same reason.

43. The identified EG2800, EG2801, EG2804, EG2805, EG9128 Sc9 filters are all specifically designed, tested, manufactured, and verified to achieve a content ratio of scandium of 9.5±0.3 atom %. The process for manufacturing Qorvo's other Sc9 filters similarly results in a content ratio of scandium of 9.5±0.3 atom %, so all other Qorvo Sc9 filters do not infringe Denso's '979 patent for the same reason.

44. Denso has created a substantial, immediate, and real case or controversy regarding Qorvo's alleged infringement of at least claim 6 of the '979 patent.

45. Qorvo seeks a declaratory judgment that the Accused Scandium Products do not infringe and have not infringed at least claim 6 of the '979 patent.

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '342 PATENT

46. Qorvo realleges and incorporates by reference the foregoing paragraphs.

47. Denso (and AIST, the co-owner of the '342 patent, by extension) contends the following filters infringe Denso's alleged patent rights, including at least claim 1 of the '342 patent:

EG2625 and EG2812 (collectively, with other Qorvo scandium-containing filters that do not have the carbon content within the ranges of Denso's patent claims, "the Accused Carbonless Products").

48. Qorvo's Accused Carbonless Products do not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid or enforceable claim of the '342 patent. For example, and without limitation, the Accused Carbonless Products do not include "the piezoelectric thin film has a carbon atomic content between 0.1 at % and 2.5 at %" as claim 1 of the '342 patent requires.

49. To the contrary, the Accused Carbonless Products purposefully and consistently include a carbon atomic content of *less* than 0.1 atomic %.

50. On information and belief, the Accused Carbonless Products have a maximum carbon content of 0.027 atomic %. That trace amount is less than the 0.1 at % recited by claim 1 of the '342 patent.

51. During prosecution of the '342 patent, the applicant amended its pending claims to add a lower threshold of carbon atomic content of 0.1 atom % specifically to overcome art the examiner cited. Ex. 11 at 1. In addition to amending its pending claims, the applicant agreed with the examiner that the prior art taught using a target made from 99.9% pure ScAl alloy meaning "the film itself would also include less than 0.1 wt% of various impurities." Ex. 12 at 5; Ex. 13 at 1–2. "Even if those impurities included Carbon, this carbon would only be included at 0.1 wt% or less, which is less than the upper limit claimed when converted to at%." Ex. 12 at 5; Ex. 13 at 2 ("Assuming arguendo that the impurities included carbon, this carbon would be included in an amount less than that required in Applicants' claims.").

52. Like the prior art cited during the prosecution of the '342 patent, the Accused Carbonless Products are made with a 99.9% target ScAl alloy. As such, Denso's own statements during prosecution confirm the Accused Carbonless Products must contain less than 0.1 atomic % carbon, contrary to Denso's infringement allegations.

53. Denso (and AIST, the co-owner of the '342 patent, by extension) has created a substantial, immediate, and real case or controversy regarding Qorvo's alleged infringement of at least claim 1 of the '342 patent.

54. Qorvo seeks a declaratory judgment that the Accused Carbonless Products do not infringe and have not infringed at least claim 1 of the '342 patent.

## DEMAND FOR JURY TRIAL

55. Qorvo hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Qorvo respectfully requests the Court enter judgment in Qorvo's favor granting the following relief:

A. declaring that Qorvo has not, and its Accused Scandium Products do not, infringe at least claim 6 of the '979 patent;

B. declaring that Qorvo has not, and its Accused Carbonless Products do not, infringe the at least claim 1 of the '342 patent;

C. declaring this case exceptional pursuant to 35 U.S.C. § 285 and awarding Qorvo attorneys' fees and costs incurred in this action; and

D. awarding any other relief the Court deems just, equitable, and proper.

| | |
|---|---|
| Dated: October 27, 2025 | BY: */s/ Philip C. Ducker*<br>Adam D. Swain (SBN 257687)<br>**ALSTON & BIRD LLP**<br>The Atlantic Building<br>950 F Street, NW<br>Washington, DC 20004-1404<br>Telephone: 202-239-3300<br>adam.swain@alston.com<br><br>Philip C. Ducker (SBN 262644)<br>Katherine G. Rubschlager (SBN 328100)<br>**ALSTON & BIRD LLP**<br>55 2nd Street, Suite 2100<br>San Francisco, California 94105-0912<br>Telephone: 415-243-1000<br>phil.ducker@alston.com<br>katherine.rubschlager@alston.com<br><br>John D. Haynes (*pro hac vice* forthcoming)<br>Matthew W. Howell (*pro hac vice* forthcoming)<br>**ALSTON & BIRD LLP**<br>One Atlantic Center<br>1201 Peachtree Street, Suite 4900<br>Atlanta, GA 30309<br>Telephone: 404-881-7000<br>john.haynes@alston.com<br>matthew.howell@alston.com<br><br>Devon C. Beane (*pro hac vice* forthcoming)<br>**ALSTON & BIRD LLP**<br>227 West Monroe Street, Suite 3900<br>Chicago, IL 60606<br>Telephone: 312-702-8700<br>devon.beane@alston.com<br><br>*Attorneys for Plaintiff Qorvo, Inc.* |