UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QORVO, INC.,

        Plaintiff,

    v.

DENSO CORPORATION, et al.,

        Defendants.

Case No. 25-cv-09240-EKL

**ORDER DENYING MOTION TO DISMISS OR COMPEL ARBITRATION**

Re: Dkt. No. 29

Plaintiff Qorvo, Inc. filed this action to obtain a declaratory judgment of non-infringement with respect to two patents owned by Defendants Denso Corporation ("Denso") and the National Institute of Advanced Industrial Science and Technology ("AIST").  Compl. ¶ 1, ECF No. 1. Nearly two years before Qorvo brought suit, Denso sent Qorvo a letter alleging that Qorvo's products utilize technology covered by the patents.  *Id*. ¶¶ 8-9.  In the intervening two years, Denso and Qorvo corresponded in detail, including through "numerous virtual and in-person meetings," regarding the infringement allegations.  *See id*. ¶¶ 10-20.  The parties also entered into a non-disclosure agreement to facilitate information-sharing "for the purpose of conducting a feasibility study" of a potential patent licensing relationship.  Non-Disclosure Agreement, ECF No. 30-4 ("NDA").  Despite their efforts – which continue to this day – the parties have not informally resolved their dispute.

Defendants move to dismiss, arguing that the Court should decline to exercise jurisdiction under the Declaratory Judgment Act.  *See* Reply at 6 n.2, ECF No. 39-1.  If the Court declines to exercise jurisdiction, litigation will proceed in a parallel patent infringement case that Denso filed one month after this case was filed.  *See Denso Corp. v. Qorvo, Inc.*, No. 25-cv-00176-RWS-JBB (E.D. Tex. Nov. 26, 2025) ("Texas Action"); *see also* Supp. Casino Decl. ¶ 4, ECF No. 38-2.

Alternatively, Defendants ask the Court to send this case to arbitration based on an arbitration clause in the NDA.  The Court carefully considered the parties' submissions and relevant authority and heard argument on July 8, 2026.  For the following reasons, the motion to dismiss or compel arbitration is DENIED.

## I.    DISMISSAL

"[J]ust like suits for every other type of remedy, declaratory-judgment actions must satisfy Article III's case-or-controversy requirement." *California v. Texas*, 593 U.S. 659, 672 (2021).  A case or controversy exists for the purpose of declaratory relief if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).  Additionally, the plaintiff must plausibly allege that, in the absence of declaratory relief, it will suffer an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (citation modified).

"[T]he Declaratory Judgment Act provides that a court '*may* declare the rights and other legal relations of any interested party,' not that it *must* do so." *MedImmune*, 549 U.S. at 136 (quoting 28 U.S.C. § 2201(a)).  The Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  In exercising this discretion, courts consider "whether resolving the case serves the objectives for which the Declaratory Judgment Act was created." *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 883 (Fed. Cir. 2008).  These objectives include "clarifying and settling the legal relations in issue," and affording relief from "uncertainty, insecurity, and controversy." *Capo, Inc. v. Dioptics Med. Prods., Inc.*, 387 F.3d 1352, 1357 (Fed. Cir. 2004) (citation modified).

Here, there is no doubt that a substantial controversy exists between the parties, as confirmed by Denso's decision to initiate the Texas Action asserting that Qorvo infringes one of the two patents at issue in this case.  The only question is whether maintaining jurisdiction over

United States District Court
Northern District of California

United States District Court
Northern District of California

this declaratory judgment action will promote the objectives of the Declaratory Judgment Act. The Court finds that maintaining jurisdiction is consistent with those objectives because this action may provide Qorvo, the allegedly infringing party, "relief from uncertainty and delay regarding its legal rights." *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020).

Defendants correctly note that the Court may consider the pendency of serious licensing or settlement negotiations in deciding whether to exercise jurisdiction. *See* Mot. at 10-11 (citing *Current Lighting Sols., LLC v. Signify Holding B.V.*, No. 23-11398-GAO, 2024 WL 456923, at *2 (D. Mass. Feb. 6, 2024)). But here, the Court cannot conclude that Qorvo seeks to obtain an improper advantage in the parties' negotiations, which have been underway for more than two years. Instead, it appears that Qorvo filed suit to clarify its legal rights and potential liabilities in advance of its planned merger with Skyworks Solutions, Inc. *See* Mot. at 14; Opp. at 8. Denso sued Skyworks – Qorvo's future parent company – for patent infringement several months before this action was filed. *See Denso Corp. v. Skyworks Sols., Inc.*, No. 25-cv-1329-FWS (C.D. Cal. June 20, 2025). In light of these developments, the Court is not persuaded that the timing of Qorvo's suit reflects gamesmanship.[1] *See* Mot. at 7.

Defendants' other arguments for dismissal are also unpersuasive. Defendants argue that Qorvo improperly relied on confidential information disclosed pursuant to the NDA to bring this declaratory judgment action. Mot. at 11-12. It is true that a patent holder can "avoid the risk of a declaratory judgment action" through "a suitable confidentiality agreement." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1375 n.1 (Fed. Cir. 2007). But it does not appear that Qorvo's complaint relies on information covered by the NDA because the NDA did not become effective until August 6, 2024, NDA Art. 8, and it does not require confidential treatment of information exchanged before the effective date.[2] Defendants also argue that an actual

---

[1] Courts may also decline to exercise jurisdiction if a declaratory judgment action is filed in anticipation of a patent infringement claim. *Contec*, 952 F.3d at 1363. But here, Denso "does not argue that Qorvo's lawsuit was anticipatory." Reply at 3.

[2] Denso relies on *Palantir Technologies Inc. v. Abramowitz* to argue that information exchanged prior to execution of a non-disclosure agreement may still fall within its scope. No. 19-cv-06879-BLF, 2022 WL 2952578 (N.D. Cal. July 26, 2022). But in that case, the confidentiality obligation extended to "all" proprietary information, and the definition of proprietary information was "not

controversy is lacking between Qorvo and AIST because AIST has not taken any affirmative act related to patent enforcement.  Mot. at 20-21.  But at this stage, Qorvo plausibly alleges that AIST authorized Denso to act on its behalf to enforce its rights in the patent that it co-owns with Denso, and that both Denso and AIST contend that Qorvo infringes that patent.  Compl. ¶¶ 24, 35, 47.

The Court understands Defendants' concern that this litigation may interfere with the parties' ongoing licensing negotiations.  The Court is amenable to referring the parties to a settlement conference with a Magistrate Judge to facilitate the parties' resolution efforts.

## II.     ARBITRATION

The Federal Arbitration Act governs the enforcement of written arbitration agreements implicating interstate commerce.  9 U.S.C. § 1 *et seq*.  In deciding whether to compel arbitration, a court must determine:  "(1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute."  *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).[3]  The burden is on Defendants, as the parties seeking arbitration, to establish that these threshold requirements are met.  *Jackson v. Amazon.com, Inc.*, 65 F.4th 1093, 1099 (9th Cir. 2023); *see also Ruiz v. Moss Bros. Auto Grp.*, 232 Cal. App. 4th 836, 842 (2014) (holding that the party seeking arbitration "bears the burden of proving the existence of a valid arbitration agreement by a preponderance of the evidence").  "The trial court sits as the trier of fact, weighing all the affidavits, declarations, and other documentary evidence, and any oral testimony the court may receive at its discretion, to reach a final determination."  *Ruiz*, 232 Cal. App. 4th at 842.

Here, it is undisputed that the NDA includes an arbitration clause.  However, the parties dispute whether Qorvo's claims for declaratory judgment of non-infringement are covered by that

---

restricted by date to cover only information" disclosed after the agreement was executed.  *Id*. at *2.  Here, by contrast, the confidentiality obligations under the NDA became effective on August 6, 2024, and the NDA expressly does not require confidential treatment of information that Qorvo obtained before it was bound by any confidentiality obligation.  NDA Arts. 1.2(3), 8.1.

[3] Gateway issues of arbitrability "can be expressly delegated to the arbitrator where 'the parties *clearly and unmistakably* provide [for it].'"  *Brennan*, 796 F.3d at 1130 (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)).  At the motion hearing, Denso suggested that arbitrability is a question that an arbitrator can decide.  Because the NDA does not expressly delegate disputes regarding the construction or scope of the NDA to an arbitrator, these disputes are properly resolved by the Court.

United States District Court
Northern District of California

clause.  The Court concludes that Qorvo's declaratory judgment claims are ***not*** covered, thus the motion to compel arbitration must be denied.[4]

Based on its plain language and the overall structure of the NDA, the arbitration clause covers disputes arising from a breach of the confidentiality obligations in the NDA or misuse of confidential information disclosed pursuant to its terms.  Article 13 provides that any "disputes, controversies or differences which may arise between the parties, out of or in relation to or in connection with [the NDA], or for the breach thereof, shall be first settled by mutual consultation." NDA Art. 13.  If the mutual consultation fails, "such disputes, controversies or differences" shall be "settled by arbitration."  NDA Art. 12.  The material terms of the NDA require the parties to treat as confidential the information exchanged pursuant to the NDA.  *See* NDA Art. 2.  Qorvo's claims for a declaratory judgment of non-infringement are not related to these confidentiality obligations.  Denso first accused Qorvo of infringement on November 29, 2023, *see* Compl. ¶ 8, long before the parties negotiated the NDA.  And there is no suggestion that Qorvo has somehow used information disclosed under the NDA to infringe Defendants' patents, such that the patent infringement dispute arises out of a breach of the NDA.

Moreover, other provisions of the NDA make clear that the parties intended to establish a framework for sharing information, not to establish any legal rights or obligations with respect to patents.  Specifically, Article 6 provides that disclosure of confidential information under the NDA "shall not be construed to be a transfer nor a grant of any patent rights or other intellectual property rights."  NDA Art. 6.2.  Article 6 also provides that the NDA "shall not oblige the parties" to enter into further joint ventures or purchase contracts.  NDA Art. 6.1.  Because the NDA expressly does not address patent rights at all, patent infringement disputes do not arise "out of or in relation to or in connection with" the NDA.  NDA Art. 13.  Accordingly, the claims asserted in this declaratory judgment action are not subject to arbitration.

---

[4] The NDA states that it is governed "by and under the laws of Japan."  NDA Art. 11.  Yet no party has supplied the Court with Japanese legal authority to help construe the scope of the arbitration clause.  Instead, the parties invoke Ninth Circuit authority.  *See* Mot. at 15-18; *see also* Opp. at 12.  Accordingly, the Court relies on generally accepted canons of construction, most notably that terms should be given their ordinary meaning unless otherwise defined by the parties.

**III.     CONCLUSION**

For the foregoing reasons, the motion is DENIED.  Defendants shall file their response to the complaint within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: July 8, 2026

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

6